**Affirmed; Opinion Filed April 27, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01067-CV

## IN THE INTEREST OF K.A.H., A CHILD

On Appeal from the 15th Judicial District Court
Grayson County, Texas
Trial Court Cause No. FA-15-1179

### MEMORANDUM OPINION
Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Stoddart

Mother appeals the trial court's order terminating her parental rights to her son, K.A.H., following a bench trial. In her sole issue on appeal, Mother contends the trial court abused its discretion when it denied her written request for a jury trial filed more than thirty days before the trial setting. We conclude the trial court did not abuse its discretion and affirm the trial court's order terminating Mother's parental rights to K.A.H.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2015, the Department of Family and Protective Services (Department) received a referral alleging the physical abuse of three-year-old K.A.H. The Department investigated, discovered a large bruise on K.A.H.'s head and back allegedly caused by Mother's boyfriend, and removed K.A.H. from the home. The Department filed the petition in this case the next day.

After Mother completed court-ordered service plans, K.A.H. was returned to her on a monitored return in early February 2016. However, on February 28, 2016, K.A.H. was hospitalized with traumatic brain injuries. The injuries allegedly occurred when Mother went to the store and left the child with her boyfriend. K.A.H. was in a coma for eighteen days and hospitalized for a month. He was then moved to a rehabilitation facility for several months. The Department removed K.A.H. from Mother's care. On March 18, 2016, the trial court retained the case, set it for trial on August 3, 2016, and set the final dismissal date on August 26, 2016.[1]

Mother's retained attorney withdrew from the case on May 2, 2016. The trial court asked Mother at a hearing on May 4, 2016 if she intended to retain another attorney or ask for an appointed attorney. Mother responded she would file for an appointed attorney on her next day off from work. However, she did not file for appointed counsel until June 2, 2016.

Mother appeared without counsel at the permanency hearing on June 1, 2016. At the end of the hearing, the trial court announced: "There is a final trial date set for August 3rd, 2016, at 9:30 a.m." The permanency order signed June 1, 2016 states the dates for the dismissal deadline and the final hearing/trial of the case. After this hearing, Mother completed an affidavit of indigence and new counsel was appointed for her on June 2, 2016. Mother's appointed attorney filed a written answer and jury demand on June 29, 2016, thirty-five days before the August 3rd trial setting and five days before the close of discovery.

On August 3, 2016, the date set for trial, the Department asked to begin the final hearing as a bench trial, then recess the trial for mediation, and complete the bench trial if necessary before dismissal date of August 26, 2016. Mother's attorney stated she filed a jury demand for the case, was not aware this was a final hearing, and had not received discovery responses or

---

[1] Because the child was removed after a monitored return, the dismissal deadline was the later of the original dismissal date or one hundred eighty days after the removal. TEX. FAM. CODE ANN. § 263.403(c). The original dismissal date was August 8, 2016. *Id.* § 263.401(a).

documentation about the case. Mother's attorney objected to beginning the final hearing because a jury demand was filed more than thirty days before the trial setting and she was not adequately prepared. The attorney argued rule 216 did not require her to schedule a trial setting after filing a timely jury demand, that scheduling is a clerical matter. The Department objected to the demand for a jury as "untimely." The trial court determined the jury request was filed more than thirty days before the trial setting, but questioned whether it was filed a reasonable time before the setting under rule 216. TEX. R. CIV. P. 216.

The trial court discussed some options with the parties, including having a visiting judge hear the case. After discussions with the attorneys in chambers, the trial court announced:

> Court: The attorneys have attempted — they did work out a mediation time on Friday, but they have told me there's expert witnesses in this if we're going to trial on it. This was set for a final hearing today which is August 3rd. July 4th, which was a holiday, would have been the 30 days. I don't know if it puts that on July 5th or the Friday before that which would have been July 1st. Either way, the jury demand got filed on June 29th, but no request for a jury trial was made. We do not have a jury trial set for Monday. We could probably get a panel, but we have things set. The attorneys have other hearings they need to do. I have been told by counsel for CPS when we were meeting in chambers that they have expert witnesses they would have to get.
>
> So under Rule 216 I'm going to find it was not a reasonable time before the date set for trial because there's already been an extension granted on this case and that puts the drop-dead date when the case has to be decided by on — on August 26th?
>
> CPS: Yes, sir.
>
> Court: On August 26th. We are set for a two-week criminal trial that is set on the 15th which would leave next Monday the 8th being the only date that we could do it. I don't mind starting the bench trial and recessing so the mother's attorney can get whatever documents she can get or whatever discovery she is still entitled to get. Certainly, at least the stuff in the file.

The trial court then recessed the hearing and conducted a bench trial on August 24, 2016 at which Mother's parental rights were terminated. This appeal followed.

## STANDARD OF REVIEW

We review the trial court's denial of a party's demand for a jury trial under an abuse of

discretion standard. *In re J.N.F.*, 116 S.W.3d 426, 430 (Tex. App.–Houston [14th Dist.] 2003, no pet.) (citing *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996)). This standard requires a review of the entire record. *Id.* The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Id.*; *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### ANALYSIS

Mother contends the trial court abused its discretion by denying her request for a jury trial because the jury demand was filed more than thirty days before the trial date.

The right to trial by jury is a precious right protected by our constitution. TEX. CONST. art. I, § 15 ("The right of trial by jury shall remain inviolate."); *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding); *White v. White*, 196 S.W. 508, 512 (Tex. 1917). The family code authorizes jury trials in many cases, including those seeking termination of parental rights. *See* TEX. FAM. CODE ANN. § 105.002. However, the right to trial by jury in civil cases is not absolute, it is subject to several procedural requirements. *See Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 810 (Tex. App.—Dallas 2006, pet. denied); *Aronoff v. Texas Tpk. Auth.*, 299 S.W.2d 342, 344 (Tex. Civ. App.—Dallas 1957, no writ). The constitution provides that in cases tried in the district courts, either party has the right to a jury on application made in open court, "but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature." TEX. CONST. art. V, § 10.

Under the rules of civil procedure, "No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX. R. CIV. P. 216. A party who is unable to afford the fee may file an affidavit of inability to pay

the fee within the time for demanding a jury trial.  TEX. R. CIV. P. 217.

A request for a jury trial made in advance of the thirty-day deadline is presumed to have been made a reasonable time before trial.  *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam); *In re V.R.W.*, 41 S.W.3d 183, 194–95 (Tex. App.—Houston [14th Dist.] 2001, no pet.), *disapproved on other grounds by In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002).  However, the presumption may be rebutted by a showing that granting a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business.  *Halsell*, 810 S.W.2d at 371.  "A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified."  *Id.* at 372.

Unlike many cases, involuntary termination cases face strict statutory deadlines.  *See* TEX. FAM. CODE ANN. §§ 263.401–.408.  The case must be dismissed one year after the Department was appointed as temporary managing conservator "[u]nless the court has commenced the trial on the merits" or granted a six-month extension as authorized by the statute.  TEX. FAM. CODE ANN. § 263.401.  The trial court may not grant an additional extension beyond the date required for dismissal under subsections (b) or (b-1).  *Id.* § 263.401(c).  Nor may the parties to the suit extend the deadlines by agreement or otherwise.  *Id*. § 263.402(a).  Where the child is returned to the parent on a monitored return, but is later removed by the Department, the trial court must set a new dismissal date no later than the original dismissal date or 180 days after the child's removal from the monitored return.  *See id.* § 263.403(c).  In this case, the dismissal deadline was extended to August 26, 2016 because the child was removed following a monitored return.

Due to Mother's delay in requesting an attorney after her original attorney withdrew, Mother's new attorney was appointed only two months before the trial setting.  The new attorney

did not file the answer and jury demand until almost a month after her appointment. At the time Mother filed the jury demand, the case was pending for over ten months, only eight weeks remained before the dismissal deadline, and only five days were left before the discovery deadline. On the day of the trial setting, Mother's attorney was not prepared to go to trial— before the court or a jury. Although the jury demand was filed more than thirty days before the trial setting, the trial court was hampered in managing its docket because of the late request and looming dismissal deadline. The trial court stated that no jury was available to begin trial on August 8 and the court had a two-week criminal jury trial beginning August 15, leaving no time for a jury trial in this case before the August 26 dismissal date. Additionally, the Department indicated it would need expert witnesses for a jury trial.

The record shows the trial court in this case considered the guiding principles set out in rule 216. Nothing in the record indicates the trial court's docket was materially different on June 29 from the docket on August 3. The trial court was obviously aware of the state of its docket and its ordinary handling of business. The trial court was also aware of the statutory deadline for dismissing the case and that the deadline could not be extended under the circumstances of this case. Further, there is an indication that granting a jury trial at the time it was requested would have caused injury to the other party, who was left with little time to obtain discovery it might deem necessary for a jury trial as opposed to a bench trial. The trial court could reasonably conclude that granting a jury trial would have disrupted the court's docket, impeded the ordinary handling of the court's business, or caused injury to the other parties. On this record, we cannot conclude that the trial court abused its discretion by denying the request for a jury trial.

In a termination of parental rights case decided by this Court today, another panel of this Court concluded that denying a jury trial where the demand for a jury was filed more than 200 days before the trial date was an abuse of discretion. *See In re J.M.B.*, No. 05-16-01311-CV

(Tex. App.—Dallas April 27, 2017, no pet. h.). In that case, the court-appointed attorney for the indigent mother filed a demand for a jury 203 days before the trial setting. *Id*. slip op. at 4. Six weeks later at a permanency hearing, the trial court noted the filing of the jury demand, but left the case on the non-jury docket, in effect forcing the mother to make a second demand for a jury, even though she had already perfected her right to a jury under rules 216 and 217. *Id*. The case remained on the non-jury docket and, when called for the non-jury trial, the trial court denied a jury trial because there was not time to schedule a jury before the dismissal deadline. *Id*. slip op. at 2–3.

This Court concluded the trial court acted without reference to guiding rules and principles and abused its discretion by denying a jury trial. *Id.* slip op. at 4–5. The trial court's statements at the permanency hearing several months before trial indicated that setting a jury trial at that time would not have disrupted the trial court's docket. *Id*. Despite this, the trial court left the case on the non-jury docket and imposed an additional requirement on the mother for obtaining a jury trial. *Id*. Although the record in that case showed that granting a jury trial at the time of the non-jury setting would disrupt the trial court's docket, the disruption was not due to the timing of the jury demand. *Id*. In fact, a jury trial could have been set at the time the demand was made without disrupting the docket. *Id*. As a result, the disruption of the docket in *In re J.M.B.* arose long after the demand for a jury and did not rebut the presumption that the jury demand was filed a reasonable time before trial.

The facts in this case are materially distinguishable from those in *In re J.M.B.* There is a vast difference between the reasonableness of a jury request filed 200 days before trial and one filed thirty-five days before trial. This is particularly so where statutory deadlines require the trial to commence within a set time or the case will be dismissed. Further, there is no indication in this record, unlike the record in *In re J.M.B.*, that as of the date the jury demand was filed a

jury was available before the dismissal deadline. *See In re J.M.B.*, slip op. at 4–5 (judge's statements five months before trial indicated holding jury trial before dismissal deadline would not have disrupted trial court's docket at that time).

The abuse of discretion standard is designed to allow trial courts—with their greater knowledge and understanding of their dockets and the circumstances of the case—to decide such matters without second guessing by an appellate court. *See Downer*, 701 S.W.2d at 242 ("The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred."). However, if a trial court acts without reference to any guiding rules or principles such that its action is arbitrary or unreasonable, an appellate court will find an abuse of discretion. *Id.*; *see J.M.B.*, slip op. at 5. The trial court in this case acted with reference to guiding rules. The short period of time left to begin trial when the jury demand was filed, the status of the trial court's docket at that time, and the potential injury to other parties support the trial court's decision to refuse a jury trial. Therefore, the trial court's action was not an abuse of discretion in this case.

## CONCLUSION

We overrule Mother's issue on appeal and affirm the trial court's order of termination.

161067F.P05

/Craig Stoddart/
CRAIG STODDART
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF K.A.H., A CHILD

No. 05-16-01067-CV

On Appeal from the 15th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. FA-15-1179.
Opinion delivered by Justice Stoddart.
Justices Francis and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 27th day of April, 2017.