**Jim B. HALSELL, Petitioner,**

v.

**George and Esther DEHOYOS,
Respondents.**

**No. D–0996.**

Supreme Court of Texas.

June 5, 1991.

Craig L. Austin, Jim B. Halsell, San Antonio, for petitioner.

Evelyn M. Martinez, San Antonio, for respondents.

PER CURIAM.

In this cause, we consider whether the continuance of a trial setting affects the timeliness of a jury request. The court of appeals held that it does not, and therefore upheld the trial court's denial of Petitioner's jury request. We disagree, and therefore reverse.

Esther and George Dehoyos brought this suit against Jim B. Halsell for wrongful eviction and conversion. On the Dehoyoses' motion, the trial court set the case on the non-jury docket for final trial on the merits on September 8, 1989. Halsell filed a jury request, and paid the proper fee, on August 15, 1989.

The trial court called the case as scheduled on September 8, 1989. Thereafter, by order of September 14, 1989, the court struck Halsell's request for a jury trial on the ground that it was not timely filed. By the same order, however, the court also reset the case on the non-jury docket for final trial on the merits on October 13, 1989.

Under our rules, a request for a jury trial must be filed "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." Tex.R.Civ.P. 216. A request in advance of the thirty-day deadline is presumed to have been made a reasonable time before trial. *See Wittie v. Skees,* 786 S.W.2d 464, 466 (Tex.App.—Houston [14th Dist.] 1990, writ denied). The adverse party may rebut that presumption by showing that the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business. *Id.*

■ At the time the trial court struck Halsell's request for a jury trial, the request was timely as to the October 13, 1989, trial setting. The record contains no indication that the granting of the jury trial would have injured the Dehoyoses or caused undue disruption to the trial court. Thus, the untimely jury demand became timely when the trial court reset the case for October 13. The trial court therefore

erred in denying Halsell's request for a jury trial.[1]

■ A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified. *See Olson v. Texas Commerce Bank,* 715 S.W.2d 764, 767 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Here, the record reflects the existence of several material fact issues: chiefly, whether the Dehoyoses abandoned their apartment, and the extent of the Dehoyoses' damages.

We conclude that the trial court's refusal to grant a jury trial amounted to harmful error. We therefore grant Petitioner's application for writ of error and pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to the trial court for a jury trial.

CORNYN, J., not sitting.

---

**1.** We disapprove the opinion in *Brawner v. Arellano,* 757 S.W.2d 526 (Tex.App.—San Antonio), *pet. dism'd by agr.,* 758 S.W.2d 756 (Tex.1988), to the extent that it is inconsistent with our holding herein.