**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Janie PENLAND, Appellee.**

No. 13–94–578–CV.

Court of Appeals of Texas, Corpus Christi.

May 2, 1996.

Rehearing Overruled May 30, 1996.

---

Tynan Buthod, Baker & Botts, Houston, Matthew P. Eastus, Baker & Botts, Houston, for appellant.

William K. Wilder, Bay City, for appellee.

Before DORSEY, HINOJOSA and RODRIGUEZ, JJ.

## OPINION

HINOJOSA, Justice.

Janie Penland sued her underinsured motorist insurance carrier, Southern Farm Bureau Casualty Insurance Company. After a bench trial, the court awarded Penland policy limits of $25,000 and costs. Southern Farm Bureau challenges the judgment by six points of error. We reverse and remand.

By its first point of error, Southern Farm Bureau contends that the trial court committed reversible error by refusing to grant it a jury trial.

The record shows that on March 16, 1992, Janie Penland was involved in an automobile collision with another vehicle. Penland sued Esther O. Sumrow (the owner of the other vehicle) and Rebecca Sims (the driver of the other vehicle). After settling with Sumrow and Sims, Penland filed an amended petition on June 30, 1993, and joined Southern Farm Bureau as a defendant. On August 2, 1993, the trial court signed an order dismissing Sumrow and Sims as defendants in this suit. On October 5, 1993, Penland served Southern Farm Bureau with citation. On October 18, 1993, the trial court signed a Docket Control Order setting this case for trial on June 27, 1994. Southern Farm Bureau filed its original answer on October 25, 1993, and amended its answer on May 31, 1994. Southern Farm Bureau filed a jury demand on May 23, 1994, and paid the jury fee on May 24, 1994. After finding that Southern Farm Bureau's jury demand was untimely, the trial court struck the jury demand and refused to grant Southern Farm Bureau a jury trial.

The right to a jury trial is guaranteed by the Texas Constitution. TEX. CONST. art. I, § 15 ("The right of trial by jury shall remain inviolate."); *id.* art. V, § 10 ("In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury."). Our rules provide that a request for a jury trial must be filed "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX.R.CIV.P. 216; *Halsell v. Dehoyos,* 810 S.W.2d 371, 371 (Tex.1991) (per curiam). A request in advance of the thirty-day deadline is presumed to be reasonable. *Halsell,* 810 S.W.2d at 371. The adverse party may rebut this presumption by showing that the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business. *Id.* Such evidence must appear in the record. *Id.; Weng Enter., Inc. v. Embassy World Travel, Inc.,* 837 S.W.2d 217, 222 (Tex. App.—Houston [1st Dist.] 1992, no writ).

Because Southern Farm Bureau filed a jury demand and paid a jury fee more than thirty days before trial, its jury request is presumed to be reasonable. Penland, therefore, had the burden to rebut the presumption. After reviewing the record, we find that Penland presented no evidence to rebut the presumption of reasonableness. We, therefore, hold that the trial court erred in denying Southern Farm Bureau's request for a jury trial.

A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified. *Halsell,* 810 S.W.2d at 372. At issue in the instant case are the fault and degree of fault of Penland and Sims, the proximate cause of Penland's injuries, and the amount of Penland's damages, if any. Because we cannot say that the trial court's error is harmless, we sustain Southern Farm Bureau's first point of error.

We decline to address Southern Farm Bureau's remaining points of error because they are not necessary to the disposition of this case. *See* TEX.R.APP.P. 90(a). Having sustained Southern Farm Bureau's first point of error, we REVERSE the trial court's judgment and REMAND this case for a jury trial.