*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00781-CV

**IN RE** Darren S. **FALLIS** and wife Stacy D. **FALLIS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:   February 4, 2009

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On October 23, 2008, relators filed this petition for writ of mandamus, seeking to compel

the trial court to set the case for a jury trial.  We conditionally grant mandamus relief.

### BACKGROUND

Relators Darren and Stacy Fallis ("the Fallises") are property owners in River Mountain

Ranch, a subdivision in Kendall County, Texas.  Real party in interest River Mountain Ranch

Property Owners Association ("the Association") is the property owners association of the

---

[1] This proceeding arises out of Cause No. 07-307-CCL, styled *River Mountain Property Owners Ass'n, Inc. v. Darren S. Fallis, and wife Stacy D. Fallis*, pending in the County Court at Law, Kendall County, Texas, the Honorable Bill Palmer presiding.

subdivision where the Fallises currently own property. River Mountain Ranch is a residential subdivision that was established in 1996. When it was established, the Association filed a Declaration of Covenants, Conditions and Restrictions in the Kendall County records, preventing any improvement from being built on any five acre or larger tract of land within various distances from each side of the property line. In 1998, the Association filed a second instrument in the Kendall County records, entitled Mailbox Easement from Properties of the Southwest, L.P. to River Mountain Ranch Property Owners Association. After filing this instrument, the Association installed mailboxes and a building to cover the mailboxes on the easement. In 2004, the Fallises purchased property in River Mountain Ranch. Three years later, the Fallises informed the Association that the mailbox building was in violation of the restrictive covenant and the easement, and they demanded that the association remove the building.

The Association refused to comply with the Fallises' demands and filed suit against them, seeking a declaratory judgment and attorney's fees. The Association sought the following declarations from the trial court: (1) the easement grants the Association the authority to construct, repair, rebuild or replace the building or mailbox cover; (2) the easement grants the Association the authority to install fencing or paving as necessary to facilitate the full use and enjoyment of the easement by the residents of the River Mountain Ranch subdivision; (3) the easement grants the Association the sole authority to determine the size and design of the construction of the mailboxes and any structure associated with it; (4) the Fallises had notice that their property was subject to the mailbox easement; and (5) the trial court grant other declarations necessary to clarify the parties rights and obligations under the terms of the easement.

The Fallises timely filed their original answer and counterclaim on August 6, 2008, which included a demand for a jury trial and a timely paid jury fee to the clerk of the court. In December 2008, the Fallises filed a motion for summary judgment, seeking the trial court's ruling on all issues in the Association's petition for declaratory judgment and the Fallises' counterclaim. The Association also filed a motion for summary judgment as to only the Fallises' counterclaim. After holding a hearing on the opposing motions for summary judgment, the trial judge denied the Fallises' motion for summary judgment and signed an order on May 7, 2008 granting the Association's motion for summary judgment. The order provided that the Fallises take nothing on their counterclaim and included a clause holding that all relief not herein granted is denied. The Fallises filed a motion to reconsider and vacate the May 7, 2008 order in part, which was subsequently denied by the trial judge.

On August 4, 2008, upon the request of the parties, the trial judge held a hearing on the Association's petition for declaratory relief— which were the only claims pending before the court after the trial judge granted summary judgment in favor of the Association on the Fallises' counterclaim. At the hearing, the trial judge indicated that he believed that the May 7, 2008 order disposed of all the parties and the issues in the case and was a final summary judgment. According to the parties, they advised the court that it was their belief that the order granting the Association's motion for summary judgment did not address the Association's petition for declaratory relief. As a result, the trial judge permitted the parties to present argument on the Association's various claims for which it sought declaratory relief. At the end of the hearing, the trial judge advised the parties that he would prepare an order or judgment on the remaining issues. However, on October 1, 2008,

the trial judge instead vacated the May 7, 2008 order that had granted summary judgment in favor of the Association on the Fallises' counterclaims. That same order provided:

> On August 4, 2008, trial of the above matter was heard wherein all parties appeared, presented evidence, and made their arguments. . . . [A]s a result of this Order, that continuation of the trial of the above matter is set for October 30, 2008 at 9:00 a.m. to allow the parties to present any additional evidence and arguments to support their respective positions.

On October 3, 2008, the Fallises filed an objection to the October 1, 2008 order, complaining of the trial judge's setting of their counterclaims on October 30, 2008 without a jury trial and requesting that the case be set on the jury docket. The Fallises claimed that they are entitled to have their counterclaims resolved by a jury because there are fact issues involved. The Fallises sought to have their objection set for a hearing on October 20, 2008, but the court declined to set the hearing on that date, and instead set the hearing for October 30, 2008, the same day "the continuation of the trial" was set. On October 7, 2008, the trial judge issued a letter ruling to the parties, advising them that the October 1, 2008 order set "the continuation of the trial" from August 4, 2008 to October 30, 2008. The trial judge went on to provide that "[t]his was done for the sole purpose of allowing the parties, if needed, to reopen to offer any additional evidence prior to the Court ruling. The Court will not consider any additional motions for summary judgment or other pre-trial matters." The trial judge concluded that the parties were to advise the trial court in writing if both parties had presented all of their evidence at the August 4th trial, and if that was the case, the trial judge would drop the October 30, 2008 trial setting and issue a final judgment. On October 16, 2008, the Fallises filed a motion for continuance and an objection to and motion to vacate the trial court's letter ruling dated October 7, 2008, which again included a request that the trial judge set the case for a jury trial.

On October 23, 2008, the Fallises filed this petition for writ of mandamus. Included with the petition was a motion for temporary relief seeking to stay the trial court proceedings, which this court granted.[2] The Fallises assert the trial judge abused his discretion by denying them a jury trial on their counterclaims on all disputed fact issues pursuant to their timely jury demand and payment of the jury fee.

## ANALYSIS

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840. Mandamus is appropriate only when the relator has no adequate remedy on appeal. *Id.* The denial of a trial by jury has been determined by our supreme court to be reviewable by mandamus. *See In re Prudential*, 148 S.W.3d at 138-39 (holding "[t]he denial of trial by jury is . . . reviewable by mandamus").

"The right to jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding). To exercise their right to a trial by jury, the Fallises were required to follow Texas Rule of Civil Procedure 216, by filing "a written request for a jury trial [with] the clerk of the court a

---

[2] As a result of this court's stay, the Fallises' motion for continuance and the October 16, 2008 objection and motion to vacate the trial judge's letter ruling dated October 7, 2008 were never ruled on by the trial court.

reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance" and timely pay the jury fee by depositing it with the clerk of the court "within the time for making a written request for a jury trial." *See* TEX. R. CIV. P. 216.

The record reflects the Fallises complied with Texas Rule of Civil Procedure 216 in perfecting their right to a jury trial. The Fallises made a timely written demand for a jury trial and then paid their jury fee in compliance with rule 216. In addition, the record indicates that shortly after the trial judge's October 1, 2008 order setting "the continuance of the trial" for October 30, 2008, the Fallises objected to the bench trial and stated their intention to stand on their right to a jury trial in their October 3, 2008 objection and request that the case be set on the jury docket. In their objection, the Fallises argued that at the time of the August 4, 2008 hearing only the Association's declaratory judgment claims were before the court. As a result, the Fallises' counterclaim was never set for trial. Following the filing of that objection and their request that their objection be heard by the trial judge prior to the October 30, 2008 "continuation of the trial," the trial judge issued his October 7, 2008 letter ruling. In that ruling, the trial judge indicated that he considered the October 30, 2008 setting as a "continuation of the trial," and indicated that he would not consider any additional pre-trial matters. As a result, the trial judge clearly intended to proceed with a bench trial without setting the case on the jury docket as the Fallises had requested. We find the Fallises made a sufficient demand for a jury trial, and as evidenced by the trial judge's October 7, 2008 letter, the trial judge clearly refused to set the case on the jury docket.[3]

_____

[3] ▲ The Association in its response asserts that the mandamus is premature because the Fallises failed to get a ruling on their October 16, 2008 objection and request for a jury trial or on their motion for continuance. We agree with the Association that the trial judge never ruled on the Fallises' October 16, 2008 objection and request for a jury trial or on their motion for continuance. However, the Association fails to consider the effect of the Fallises' October 3, 2008

As a result of the foregoing, we conclude the trial judge erred in not setting the case on the jury docket. "A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified." *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991); *see also In re Prudential*, 148 S.W.3d at 138. The Fallises assert that their counterclaim presents seven different causes of action that are all fact sensitive: (1) breach of contract, (2) negligence, (3) breach of fiduciary duty, (4) trespass, (5) injunction, (6) exemplary damages, and (7) attorney's fees. The Association has not argued to this court that there are no material fact issues or contested the Fallises argument that there are fact issues to submit to a jury. In addition, a review of the record does not indicate that there are no material issues of fact that exist.

### CONCLUSION

As a result of the foregoing, we find the trial judge abused his discretion in failing to set the case on the jury docket. For the foregoing reasons, we conditionally grant the petition for writ of mandamus. We direct Judge Palmer to place the case on its jury docket in accordance with the Fallises' written request. We are confident Judge Palmer will act in accordance with this opinion, and the writ of mandamus will issue only if he fails to do so. The stay imposed by this court's order of October 23, 2008 is lifted.

PER CURIAM

---

objection and request that the case be set on the jury docket, and the subsequent October 7, 2008 letter ruling evidencing the trial judge's intent to move forward with a bench trial and not place the case on the jury docket even after the Fallises requested it.