**Affirmed; Opinion Filed February 13, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-16-01067-CV
_____

## IN THE INTEREST OF K.A.H., A CHILD

On Appeal from the 15th Judicial District Court
Grayson County, Texas
Trial Court Cause No. FA-15-1179

## MEMORANDUM OPINION
Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Stoddart

Mother appeals the trial court's order terminating her parental rights to her son, K.A.H., following a bench trial. In her sole issue on appeal, Mother contends the trial court abused its discretion when it denied her written request for a jury trial filed more than thirty days before the trial setting. We conclude the trial court did not abuse its discretion and affirm the trial court's order terminating Mother's parental rights to K.A.H.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2015, the Department of Family and Protective Services (Department) received a referral alleging the physical abuse of three-year-old K.A.H. The Department investigated, discovered a large bruise on K.A.H.'s head and back allegedly caused by Mother's boyfriend, and removed K.A.H. from the home. The Department filed the petition in this case the next day.

After Mother completed court-ordered service plans, K.A.H. was returned to her on a monitored return in early February 2016. However, on February 28, 2016, K.A.H. was hospitalized with traumatic brain injuries. The injuries allegedly occurred when Mother went to the store and left the child with her boyfriend. K.A.H. was in a coma for eighteen days and hospitalized for a month. He was then moved to a rehabilitation facility for several months. The Department removed K.A.H. from Mother's care. On March 18, 2016, the trial court retained the case, set it for trial on August 3, 2016, and set the final dismissal date on August 26, 2016.[1]

Mother's retained attorney withdrew from the case on May 2, 2016. The trial court asked Mother at a hearing on May 4, 2016 if she was going to retain another attorney or ask for an appointed attorney. Mother responded she would file for an appointed attorney on her next day off from work. Mother completed an affidavit of indigence on June 2, 2016, and was appointed new counsel the same day.

Mother's appointed attorney filed a written jury demand on June 29, 2016, thirty-five days before the trial setting. On August 3, 2016, the date set for trial, Mother's attorney objected to starting the final hearing without a jury. The Department objected to the jury demand as "untimely." The trial court determined the jury request was filed more than thirty days before the trial setting, but questioned whether it was filed within a reasonable time before the setting under rule 216. TEX. R. CIV. P. 216. The trial court discussed some options with the parties, including having a visiting judge hear the case.

After discussions with the attorneys in chambers, the trial court announced:

Court: The attorneys have attempted — they did work out a mediation time on
Friday, but they have told me there's expert witnesses in this if we're going to

---

[1] Because the child was removed after a monitored return, the dismissal deadline was the later of the original dismissal date or one hundred eighty days after the removal. TEX. FAM. CODE ANN. § 263.403(c). The original dismissal date was August 8, 2016. *Id.* § 263.401(a).

trial on it. This was set for a final hearing today which is August 3rd. July 4th, which was a holiday, would have been the 30 days. I don't know if it puts that on July 5th or the Friday before that which would have been July 1st. Either way, the jury demand got filed on June 29th, but no request for a jury trial was made. We do not have a jury trial set for Monday. We could probably get a panel, but we have things set. The attorneys have other hearings they need to do. I have been told by counsel for CPS when we were meeting in chambers that they have expert witnesses they would have to get.

So under Rule 216 I'm going to find it was not a reasonable time before the date set for trial because there's already been an extension granted on this case and that puts the drop-dead date when the case has to be decided by on — on August 26th?

CPS: Yes, sir.

Court: On August 26th. We are set for a two-week criminal trial that is set on the 15th which would leave next Monday the 8th being the only date that we could do it. I don't mind starting the bench trial and recessing so the mother's attorney can get whatever documents she can get or whatever discovery she is still entitled to get. Certainly, at least the stuff in the file.

The trial court then recessed the hearing and conducted a bench trial on August 24, 2016 at which Mother's parental rights to K.A.H were terminated. This appeal followed.

## STANDARD OF REVIEW

We review the trial court's denial of a party's demand for a jury trial under an abuse of discretion standard. *In re J.N.F.*, 116 S.W.3d 426, 430 (Tex. App.–Houston [14th Dist.] 2003, no pet.) (citing *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996)). This standard requires a review of the entire record. *Id.* The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Id.*

## ANALYSIS

Mother contends it was an abuse of discretion to deny her request for a jury trial because the jury demand was filed more than thirty days before the trial date. "No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than

–3–

thirty days in advance." TEX. R. CIV. P. 216.  The jury fee is not required when a party files an affidavit of inability to pay the fee within the time for demanding a jury trial.  TEX. R. CIV. P. 217.

A request for a jury trial made in advance of the thirty-day deadline is presumed to have been made a reasonable time before trial.  *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam); *In re V.R.W.*, 41 S.W.3d 183, 194–95 (Tex. App.—Houston [14th Dist.] 2001, no pet.), *disapproved on other grounds by In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002).  However, the presumption may be rebutted by a showing that granting a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business. *Halsell*, 810 S.W.2d at 371.  "The refusal to grant a timely requested jury trial is harmless error only if the record shows that no material issues of fact exists and an instructed verdict would not have been justified." *Id.*

Involuntary termination cases face strict statutory deadlines.  *See* TEX. FAM. CODE ANN. §§ 263.401–.408 (court shall dismiss suit on the Monday after the first anniversary of appointment of Department as temporary managing conservator unless trial on the merits has commenced or statutory extension granted).  In this case, the dismissal deadline was extended to August 26, 2016 because the child was removed after a monitored return.  *See id.* § 263.403(c). At the time Mother filed her jury demand, the case was pending for over ten months and only eight weeks remained before the dismissal deadline.  Although the jury demand was filed more than thirty days before the trial setting, the trial court was hampered in managing its docket because of the late request and looming dismissal deadline.  The trial court stated that no jury was available to begin trial on August 8 and the court had a two-week criminal jury trial beginning August 15, leaving no time for a jury trial in this case before the August 26 dismissal

date. The record indicates the trial court considered its docket, the ordinary handling of its business, and the adverse impact of the jury request on the opposing party. The trial court could reasonably conclude that granting a jury trial would have disrupted the court's docket and impeded the ordinary handling of the court's business. On this record, we cannot conclude that the trial court abused its discretion by denying the request for a jury trial.

## CONCLUSION

We overrule Mother's issue on appeal and affirm the trial court's order of termination.


/Craig Stoddart/
CRAIG STODDART
JUSTICE


161067F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.A.H., A CHILD

No. 05-16-01067-CV

On Appeal from the 15th Judicial District Court, Grayson County, Texas
Trial Court Cause No. FA-15-1179.
Opinion delivered by Justice Stoddart.
Justices Francis and Schenck participating.

In accordance with this Court's opinion of this date, the trial court's August 29, 2016 order of termination is **AFFIRMED**.

Judgment entered this 13th day of February, 2017.