# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00373-CV

---

**S. B., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY**
**NO. 19-0121-CPSC1, THE HONORABLE RYAN D. LARSON, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

S.B. appeals from an order terminating his parental rights to a son and daughter,[1] arguing that the district court abused its discretion by denying his demand for a jury trial. We will affirm.

### BACKGROUND

S.B. is the children's father and is presently incarcerated, charged with the murder of the children's mother and tampering with evidence of the alleged homicide.

On December 16, 2019, after learning of the suspicious circumstances of the disappearance of the children's mother, the Texas Department of Family and Protective Services filed an original petition seeking conservatorship of the children and termination of S.B.'s

---

[1] We refer to appellant by his initials and to son and daughter collectively as "the children." *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

parental rights. On February 21, 2020, the district court issued an order setting a final hearing date of July 13. On June 23, S.B. filed the following statement requesting a jury trial: "Respondent Father, [S.B.,] of the above referenced children demands a jury trial and does not tender the jury fee as she [sic] has been found indigent by the Court." The Department objected, arguing that any jury demand must be filed at least thirty days before the trial date. *See* Tex. R. Civ. P. 216(a). It filed a brief in support of the objection and included an appendix outlining the history of the case and reflecting that the trial court had already issued an order accelerating the case due to its finding of aggravating circumstances. *See* Tex. Fam. Code § 262.2015(a) (allowing trial court to "accelerate the trial schedule to result in a final order for a child under the care of the Department of Family and Protective Services at an earlier date than [otherwise] provided . . . if the court finds that the parent has subjected the child to aggravated circumstances").

The district court entertained the jury demand and the Department's objection and then sustained the objection, taking notice of the record in the case and finding that it would be "in the best interest of the children" to commence the bench trial as scheduled on July 13. The case proceeded to trial, where the district court issued a final order finding predicate grounds for termination under subsections (D) and (E) and finding that termination is in the best interest of the children. *See id.* § 161.001(b)(1)(D), (E), (2). S.B. timely perfected this appeal, arguing that "[t]he trial court abused its discretion when it improperly denied Appellant a trial by jury."

## DISCUSSION

In his sole issue on appeal, S.B. urges this Court to reverse the termination order due to the district court's failure to afford him a jury trial. We review the denial of a

jury demand for an abuse of discretion. *E.E. v. Texas Dep't of Fam. & Protective Servs.*, 598 S.W.3d 389, 395 (Tex. App.—Austin 2020, no pet.). We will not find an abuse of discretion simply because we might have reached a different conclusion than the one challenged on appeal. *See Murray v. Texas Dep't of Fam. & Protective Servs.*, 294 S.W.3d 360, 367 (Tex. App.—Austin 2009, no pet.). Instead, we find abuse "when a decision is arbitrary, unreasonable, and without reference to guiding principles." *E.E.*, 598 S.W.3d at 395 (internal quotation marks omitted). To obtain reversal on appeal, S.B. must demonstrate that the denial of a jury trial was an abuse of discretion and that the abuse was harmful. *See id.* at 399. The wrongful denial of a jury trial is presumed harmful unless the record demonstrates there were no genuine issues of fact to present to a jury. *See id.*

To perfect the right to a jury trial in a civil matter, a litigant must file a jury demand with the trial court within "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." *See* Tex. R. Civ. P. 216(a). "But filing an untimely jury demand does not necessarily mean that a party loses her right to a jury trial." *E.E.*, 598 S.W.3d at 395. Where a jury demand is untimely, "a trial court should accord the right to jury trial if it can be done without interfering with the court's docket, delaying the trial, or injuring the opposing party." *Id.* at 396–97. In suits for termination of parental rights, the trial court should also consider how the untimely request for a jury trial, if granted, will affect the children. *See In re A.l.M.-F.*, 564 S.W.3d 441, 444 (Tex. App.—Waco 2017) (considering, before finding no abuse of discretion in denial of untimely jury demand, that ad litem attorney had argued that delay associated with jury trial, under the circumstances, "would cause turmoil and uncertainty for the children"), *aff'd*, 593 S.W.3d 271 (2019).

3

Viewing this record under the applicable standard, we cannot say the district court abused its discretion in denying S.B.'s demand. First, it is undisputed that S.B. had more than six months to timely file a jury demand and that his ultimate demand was not timely. According to the Department, S.B. had maintained that he preferred a bench trial until he filed his jury demand three weeks before the anticipated trial date. When explaining the delay in demanding a jury trial, S.B.'s attorney said, "[W]e just missed the deadline. It's as simple as that."

Second, granting S.B.'s demand would have significantly delayed trial. When the district court held the hearing on the demand, Texas courts were subject to several emergency orders issued by the Supreme Court of Texas to address the coronavirus pandemic. As relevant here, the high court's eighteenth emergency order indicated, inter alia, that "[a] court must not hold a jury proceeding, including jury selection or a jury trial, prior to September 1, except as authorized by this Order." *See* Eighteenth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9080 (Tex. June 29, 2020). Argument at the hearing indicated that a jury trial might result in a delay of "a year long or more." A months-long delay is of particular import in this case, where the district court had already granted the Department's motion to accelerate the case after finding aggravated circumstances under Section 262.2015(a) of the Family Code.[2]

Third, the Department showed the district court how it would suffer prejudice if the court were to grant the untimely demand for jury trial, explaining that "this trial contains multiple issues with the potential for 15 to 20 witnesses, all of which [counsel had] started to

---

[2] Although on this record we ultimately conclude there was no abuse of discretion in part due to uncertainty regarding available trial dates, neither the COVID-related emergency order nor the circumstances that led to its issuance should alone be construed as sufficient grounds to deny a litigant his or her constitutional right to a jury trial.

prep" for the imminent bench trial. The Department further explained that the case involved evidence that the Department had incorporated into a "virtual presentation" with the expectation that the presentation would be made to the bench—not to a jury.

Finally, and perhaps most importantly, counsel for the Department and the attorney ad litem for the children each emphasized that the delay associated with a jury trial would not serve the children's best interest. Counsel for S.B. denied that the delay might harm the children, but the Department's attorney explained:

> [U]ltimately I would say it's not in the best interest of the children here because what it would do is significantly delay {audio glitch}[3] for them. They are in the process of healing from what has happened to their family. They do not have their mother anymore; they do not have their father anymore. They are trying to move on with some normalcy . . . .
>
> And when [S.B.'s attorney] say[s] it doesn't harm them to stay in the permanent care of the Department . . . that's just untrue. They can't travel out of state. They can't go to the doctor they choose. They're can't [sic] go to the – they're told when to go to the dentist. They're told they have to have a fire alarm on at a certain time and the batteries have to be good. So everything about their lives with [the Department] in it becomes regulated and becomes not normal, which is something that we're trying to achieve in these cases, is normalcy for these kiddos.

The ad litem attorney agreed with the Department's assessment and concluded simply, "I don't believe that it is in the best interest of these children to continue to delay this case."

In arguing that the district court abused its discretion by sustaining the Department's objection to the jury demand, S.B. relies heavily on our recent decision in *E.E.*, *see generally* 598 S.W.3d 389. As relevant here, *E.E.* was a mother's appeal from the district court's denial of her purportedly untimely demand for jury trial of the Department's petition to terminate

---

[3] This phrase is reprinted as it appears and is punctuated in original.

her rights to her child. *See id.* at 393–94. But as we explained in our opinion, the record in the case revealed that E.E.'s demand was not untimely in any meaningful sense:

> In this case, the mother's jury demand was filed on December 3, 2018, which was after the November 15, 2018 deadline specified in the scheduling order. However, at the permanency hearing held on November 15, the schedule changed. The trial that had been set for January 17, 2019, was converted into an additional permanency hearing, and at the time the mother filed her jury demand, no new trial date had been set. Moreover, at the time the district court ultimately struck the mother's jury demand, at the de novo hearing on February 14, 2019, the dismissal date of the case had been extended to August 24, 2019, the "permanency [hearing] before final order" had been set for May 9, 2019, and the trial on the merits had been set for July 18, 2019. Thus, the mother's jury demand, although "untimely" according to the scheduling order, was, for all practical purposes, filed several months before the final permanency hearing, the trial on the merits, and the dismissal date.

*Id.* at 397. Moreover, we emphasized in *E.E.* that "nothing in the record indicates that granting the mother her right to a jury trial in this case would have interfered with the court's docket, delayed the case, or injured the Department in any way." *See id.* We therefore held that the district court had abused its discretion by failing to follow the principles governing the request for a jury trial. *See id.* (citing *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997); *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam)).

Here, unlike in *E.E.*, the jury demand was indisputably untimely under Rule 216. And unlike in *E.E.*, this case was proceeding as scheduled and on an accelerated timeline pursuant to Section 262.2015 of the Family Code. But most importantly, the factors that were so critically absent in *E.E.*—evidence of undue delay, prejudice to Department, and harm to the children—were all present when the district court ruled on S.B.'s jury demand and the Department's objection to that demand. Thus, because the district court did not act in an unreasonable or arbitrary manner or fail to follow governing legal principles, *see id.* at 396–97, it

did not abuse its discretion in denying S.B.'s untimely demand for jury trial. And because S.B. has not shown an abuse of discretion in that denial, we need not reach his arguments regarding harmful error. *See* Tex. R. App. P. 47.1.

## CONCLUSION

For the reasons stated herein, we affirm the order of termination.

_____

Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed:   December 18, 2020

7