

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00112-CV

———————————————

IN THE INTEREST OF A.B., A CHILD

---

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 19-11661-367

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

This is an ultra-accelerated appeal[1] in which Appellant K.J. (Mother) appeals the termination of her parental rights to her daughter Allison[2] following a bench trial. In a single issue, Mother argues that she was wrongfully denied her right to a jury trial. For purposes of this appeal, we are assuming that Mother was entitled to have the case remain on the jury docket, and we hold that she was not harmed by the jury-trial denial because the record does not reveal material fact issues that would have prevented an instructed verdict on predicate ground (M). *See generally* Tex. Fam. Code Ann. § 161.001(b)(1)(M). Accordingly, we affirm.

### II. Background

Mother did not appear at the final trial, but her attorney appeared on her behalf. The trial court asked about the status of the jury trial, and the Department explained what had transpired with the jury demand:

THE COURT: . . . This matter was set for a jury trial.

[Department's attorney], for the record, what is the status?

[DEPARTMENT'S ATTORNEY]: Your Honor, . . . at the docket call, [Father] appeared; however, [Mother] failed to appear.

---

[1] *See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of appeal from a judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2] *See* Tex. R. App. P. 9.8(b)(2) (requiring court to use aliases to refer to minors in an appeal from a judgment terminating parental rights).

[Father] has entered into an agreement with the Department, and therefore, part of that agreement was that he would waive his right to a jury trial. I believe that based on [Mother's] failure to appear at the docket call, the jury request is waived based on the [c]ourt's instructions to counsel and to the parties at the previous docket call that . . . [the] jury would be waived if they did not appear at the subsequent docket call.

THE COURT: Thank you.

[Father's attorney], do you agree with the rendition given by [Department's attorney] in regards to the status of the case?

[FATHER'S ATTORNEY]: Yes, Your Honor.

THE COURT: [Mother's attorney]?

[MOTHER'S ATTORNEY]: Yes, Your Honor.

THE COURT: And that is in regards to your client, [Mother]. Is it correct that she failed to appear for docket call on March 10th, 2022?

[MOTHER'S ATTORNEY]: That is correct, Your Honor.

THE COURT: And was it your understanding as her counsel that in the event she did not appear, that her right to a jury trial would be waived?

[MOTHER'S ATTORNEY]: That was my understanding, Your Honor. . . .

. . . .

THE COURT: And did you actually file a jury demand on behalf of Respondent Mother?

[MOTHER'S ATTORNEY]: I did out of an abundance of caution, Your Honor.

THE COURT: Okay. Let the record reflect . . . that [Mother] failed to appear for docket call on March 10th, 2022. And based on the Department's filing of a motion for waiver of jury trial in the event she

3

did not appear according to Texas Rules of Civil Procedure, . . . this matter will proceed as a bench trial before the [c]ourt based on the waiver of jury trial by [Father].

The trial court later asked that "the record reflect that the jury panel that ha[d] been requested for [the] hearing ha[d] been released based upon the waiver of [Father] in regards to his right to have a jury and the failure of [Mother] to appear for docket call having waived her right to a jury trial in this matter." The trial then proceeded to the bench.

The Department put on evidence that Mother had tested positive for drugs three times and did not appear for one test (presumed positive) while she was on probation and was pregnant with Allison, that Mother had not participated in the intensive outpatient treatment program, that she had spent time in jail while the case was pending, that she had not regularly visited with Allison and had no contact with her from June 2020 to March 2022, that she had not provided child support for Allison, and that she had not provided any certificates for completion of her services. The Department also admitted into evidence, over Mother's objection that the document did not relate to Allison, a 2019 judgment terminating Mother's parental rights to a daughter and a son based on endangerment grounds (D) and (E). Mother called no witnesses to testify and offered no evidence. In closing, Mother's counsel argued only that Mother's parental rights to Allison should not be terminated based on grounds (D) and (E) because there was no evidence that Mother or Allison had tested positive for drugs when Allison was born. The trial court found by clear and

4

convincing evidence that Mother's parental rights should be terminated based on multiple predicate grounds and best interest. *See id.* § 161.001(b)(1)(D), (E), (F), (M), (N), (O), (b)(2). Mother then perfected this appeal.

## III. Harmless Jury-Trial Denial

In Mother's sole issue, she argues that she was wrongfully denied a jury trial. We assume for purposes of the appeal that Mother was entitled to have the case remain on the jury docket.[3] Mother does not include a harm analysis in her brief. Her only mention of harm is the following: "Since [Mother] appeared for trial, by and through her counsel, the denial of a [j]ury [t]rial was improper[] and was harmful error." She then states, "Indeed, as noted recently by this very court[,] it is 'a rare situation where harm has not been shown and the holding in this case should be limited as such.'" *See J.G.*, 2022 WL 187983, at *6 (quoting *In re J.M.*, No. 12-19-00353-CV, 2020 WL 1528054, at *11 (Tex. App.—Tyler Mar. 31, 2020, no pet.)

---

[3]We have previously used this approach when presented with similar facts. In *In re J.G.*, we assumed that the father was entitled to have his case remain on the jury docket when the following procedural background was in place:

> Father's attorney appeared [at trial], but he did not. Although Father had not made a jury trial demand, Mother had done so prior to executing her relinquishment affidavit. On the day of the trial, over Father's objection, the trial court granted the Department's motion to remove the case from the jury docket and found that Father had waived his jury demand by not appearing and participating in the proceeding.

No. 02-21-00257-CV, 2022 WL 187983, at *3 (Tex. App.—Fort Worth Jan. 20, 2022, no pet.) (mem. op.).

(mem. op.)).   Because this case presents the same scenario as *J.G.*—a parent who failed to present any evidence at trial—we have found another rare situation where harm has not been shown.

Like most judicial errors, the wrongful denial of a jury trial is subject to harmless-error review.  *See* Tex. R. App. P. 33.1; *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991); *J.G.*, 2022 WL 187983, at *6.   "A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified."   *Halsell*, 810 S.W.2d at 372. Accordingly, we look to see if the record reveals the existence of any material fact issues and whether an instructed verdict would have been justified.[4]

---

[4]Here, Mother does not challenge any of the trial court's predicate-ground findings or the best-interest finding.  In other jury-denial cases that have involved parental-rights terminations, the parents challenged at least one of the predicate-ground findings.  *See, e.g.*, *J.G.*, 2022 WL 187983, at *6; *J.M.*, 2020 WL 1528054, at *2–5.  In those cases in which the appellants did not challenge the best-interest finding, the appellate courts addressed only the predicate-ground finding.  *See J.G.*, 2022 WL 187983, at *6 n.8 ("Father does not challenge the trial court's best-interest finding, and we therefore do not consider the evidence as to that finding."); *J.M.*, 2020 WL 1528054, at *10, *11 (pointing out that the father did not raise the issue of the best interest of the children and not addressing that finding).  In the interest of justice, we therefore look to see whether the record contains any material fact issues as to predicate ground (M) and whether an instructed verdict would have been justified on that ground.  *See generally* Tex. Fam. Code Ann. § 161.001(b) (requiring only one predicate ground to support termination).

Having done so, no disputed issues of material fact exist for resolution by a factfinder. The record shows that with regard to Mother's case,[5] the Department put on four witnesses: Mother's probation officer, the two caseworkers who had handled Allison's case, and the Court-Appointed Special Advocate. Mother did not appear at the trial; thus, she did not testify. Other than cross-examine the Department's four witnesses, Mother presented no evidence at all.

As previously noted, the Department admitted a prior termination order in support of predicate ground (M). The record contains no disputed evidence regarding subsection (M)—the ground providing for termination if a parent had her parent–child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of grounds (D) or (E), which are the endangering-environment and endangering-conduct grounds. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(M); *see also id.* § 161.001(b)(1)(D), (E). The Department's evidence was thus sufficient to establish termination under predicate ground (M).

Based on the record before us, there is no conflicting evidence of probative value. Had Mother's jury demand not been struck, the Department would have been entitled to seek a directed verdict asking the court to render judgment without submitting a charge to the jury because there is nothing for a jury to decide. *See J.M.*,

---

[5]Father testified briefly regarding his failings as a parent and a proposed agreement for the child's placement.

2020 WL 1528054, at *11. And the trial court would have been justified in granting such a motion.

Accordingly, we conclude that the trial court's improper denial of the jury demand constitutes harmless error. *See J.G.*, 2022 WL 187983, at *6; *J.M.*, 2020 WL 1528054, at *11. We therefore overrule Mother's sole issue.

## IV. Conclusion

Having overruled Mother's sole issue, we affirm the trial court's judgment terminating her parental rights to Allison.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: July 7, 2022

8