**Opinion issued July 29, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-22-00265-CV

————————————

## IN RE ERICA T. MOORE, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

### REVISED MEMORANDUM OPINION

On its own motion, the Court withdraws its opinion and judgment of May 10, 2022 and issues this opinion in its place.

Relator, Erica T. Moore, challenges the trial court's refusal to set this case for jury trial despite Moore's jury trial demand and payment of the jury fee. [1]  In our

---

[1]     The underlying case is *Office of the Attorney General v. Domonique Louis Blanton*, cause number 2016-56424, pending in the 309th District Court of Harris County, Texas, the Honorable Linda Marie Dunson presiding.

opinion of May 10, 2022, this Court denied the petition without stating the reasons for denial. Moore filed a motion for en banc reconsideration.

On July 14, 2022, this Court issued an order directing Moore to comply with Rule 52.3(k) concerning sworn or certified documents in the appendix. On July 14, 2022, Moore filed a revised affidavit swearing that the documents in the appendix were true and correct copies.

Although Moore has corrected one procedural deficiency concerning the record, we conclude that Moore has failed to establish entitlement to mandamus relief. Accordingly, we deny the petition, and we deny as moot Moore's motion for rehearing en banc.[2]

## Background

Relator, Erica T. Moore, and real party in interest, Domonique L. Blanton, are divorced and have one child. On October 21, 2021, Blanton filed a motion for enforcement of possession or access, claiming that Moore had violated the party's Agreed Order in Suit Affecting the Parent-Child Relationship by failing to surrender the child for visitation on four occasions. For each of these violations, Blanton requested that Moore be held in contempt and jailed for up to 180 days and fined up

---

[2] Because we issue a new opinion on our own motion, the motion for en banc reconsideration is rendered moot. *See Poland v. Ott*, 278 S.W.3d 39, 41 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (noting that motion for en banc reconsideration rendered moot by withdrawal and reissuance of opinion and judgment).

to $500 with each period of confinement to run concurrently. Blanton also asked that Moore be placed on community supervision for ten years on release from jail or suspension of commitment.

In response to this, Moore filed an answer denying the allegations, asserting that Moore had presented the child but that Blanton had failed to show up at the required place and designated time, and demanded a jury trial. Moore has included in the record a copy of her payment of a $40 fee on the same date she demanded a jury trial. On December 8, 2021, Moore filed a memorandum of law concerning her right to a jury trial. On December 23, 2021, Blanton filed an amended motion for enforcement alleging five violations of the Agreed Order and asking for Moore to be held in contempt for each violation but lowering the requested jail time to 100 days for each violation with sentences to run concurrently.

On January 27, 2022, Moore filed a notice of submission requesting entry of a jury trial docket control order. Submission was set for February 9, 2022. Blanton filed an objection to Moore's trial setting, stating that Moore was not entitled to a jury trial because Blanton did not request confinement for more than 6 months and did not intend to seek confinement of more than 6 months. Moore filed a docket control order signed by the trial court on April 26, 2022, in which the trial court set the case for trial on the merits. The docket control order did not state that the case

was set for jury trial. The trial court did not rule on Moore's request for a jury trial docket control order or Blanton's objection.

## Standard of Review

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

## Jury Trial

Moore's essential complaint is that the trial court has not set this case for a jury trial, but nothing in the record establishes this. Moore complains that the trial court has refused to enter a jury trial docket control order, but Moore has not established that a trial court is required to enter a jury trial docket control order.

Nonetheless, Moore has complied with all requirements to obtain a jury trial. A jury trial request must be filed a reasonable time before the date set for trial. *See* TEX. R. CIV. P. 216. A request in advance of the thirty-day deadline before trial is presumed to be reasonable, but the opposing party may rebut that presumption by showing "the granting of a jury trial would operate to injure the adverse party, disrupt

4

the court's docket, or impede the ordinary handling of the court's business." *See*

*Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991). Moore made her jury demand

with her answer and paid a $40 fee the same date. Although Blanton objected to a

jury trial setting, he did not argue that the granting of a jury trial would injure him,

disrupt the court's docket, or impede the handling of the court's business. *See id.* It

appears that the jury request was made a reasonable time before trial.

Blanton argued that Moore is not entitled to a jury trial because Blanton did

not request more than 100 days per violation. While it is true that there is no due

process requirement of a jury trial when the movant seeks less than six months'

imprisonment, *see In re Corder*, 332 S.W.3d 498, 501 (Tex. App.—Houston [1st

Dist.] 2009, orig. proceeding), the issue here is not whether there has been a due

process violation, but whether Moore is entitled to a jury trial when she requested it

and paid the fee.

To exercise the right to a trial by jury, Moore was required to comply with

Rule 216 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 216. This rule

requires a party to file a written request for a jury trial with the trial court a reasonable

time before the trial setting but not less than thirty days in advance of that setting

and to timely pay the jury fee by depositing it with the clerk within the time for

making a written request for a jury trial. *See id.* Moore filed a written demand for

a jury trial and paid the $40 fee on October 21, 2021. The case is not set for trial until August 1, 2022. Thus, Moore timely filed her jury trial demand and fee.

Although Moore has established that she is entitled to a jury trial, she has not established that the trial court has denied her the right to a jury trial. The only ruling presented is the trial court's docket sheet order, signed on April 26, 2022, and it states that the case is set for trial on the merits. It does not state that the case is set for a bench trial. The trial court has not complied with Moore's request for a jury trial docket control order, but Moore has not established that the trial court was required to create a special docket control order. Moore has done everything she must do to obtain a jury trial and there is no indication that the trial court intends to deny her a jury trial.

Thus, Moore has not presented a sufficient record to entitle her to mandamus relief. *See Walker*, 827 S.W.2d at 837 (party seeking relief must provide court with sufficient record to establish right to relief). Moore has not presented a record showing that the trial court will deny Moore a jury trial.

Accordingly, we deny the petition.

**PER CURIAM**

Panel consists of Justices Kelly, Goodman, and Guerra.

6