**Affirmed and Memorandum Opinion filed March 5, 2026.**



**In The**

# Fifteenth Court of Appeals

_____

## NO. 15-25-00005-CV

_____

**JOHNNY PARTAIN, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 126th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-002560**

## MEMORANDUM OPINION

The State of Texas sued Johnny Partain for knowingly creating and using a false financing statement to collect what he claims the State owes him for taking his property without adequate compensation. Partain, appearing pro se in the trial court and this Court, appeals the trial court's judgment granting the State a permanent injunction and declaratory relief. We affirm.

## BACKGROUND

Partain filed suit against the State in Hidalgo County, seeking damages against the State for inverse condemnation. The trial court in Hidalgo County dismissed Partain's claims with prejudice, and he did not obtain a reversal of that judgment on appeal. Despite losing in court, Partain wrote to the Texas Governor and the Texas Attorney General, informing them that the State owed him $250 million for condemnation of his property and threatening to "take" the money from the State and to "embarrass everyone involved." He followed up with later letters to the same officials, calling it a "Notice of Debt Collection" and reminding them "that the Texas judiciary has already waived and exhausted its jurisdiction to review this debt, punting any reasonable and civil resolution to your offices if possible." Partain also filed a claim for $250 million with the Texas Comptroller, who informed him that to claim compensation for a taking, a court must rule that one has occurred. He also wrote to the United States Attorney General, claiming that he was filing a criminal complaint against the Texas Governor and Attorney General for failing to pay him.

When these avenues failed, Partain filed a financing statement with the Texas Secretary of State, claiming a security interest in "all assets, interests, and taxes, prospective and real, belonging to Texas" in the amount of $250 million, plus interest. Partain also filed general warranty deeds that purported to deed State property to himself. Partain then sent demand letters to energy companies with leases on State-owned land in an attempt to have them pay him oil and gas royalties previously payable to the Texas Permanent School Fund. Partain's letters accused the companies of trespass and threatened to "shut down your production, possibly confiscating your equipment in the process" and to "cancel your lease rights." He also attached transfer statements to his letters.

After Partain refused to halt his collection efforts in response to a letter from the Attorney General's office, the State filed suit seeking declaratory and injunctive

2

relief based on Partain's filing a groundless financing statement under Section 9.5185 of the Texas Business and Commerce Code. *See* Tex. Bus. & Com. Code § 9.5185. Partain responded by filing a plea to the jurisdiction and a motion to dismiss. At the hearing on Partain's filings and the State's request for a temporary injunction, the district judge asked the parties if they would be willing to proceed with a hearing on the State's request for permanent injunction instead of a temporary injunction since the evidence would be the same as on the temporary injunction. Although Partain initially responded that he maintained his jury demand on the request for permanent injunction, he later agreed to allow the trial court to consider the evidence presented at the hearing on the State's request for a permanent injunction without a jury.

After the hearing, the trial court denied Partain's plea to the jurisdiction and motion to dismiss; declared Partain's financing statement fraudulent, void, and unenforceable; and permanently enjoined Partain from enforcing or attempting to enforce the financing statement or filing additional financing statements related to the debt, absent a security agreement or judgment lien. The trial court also denied Partain's motion for new trial. Partain then filed this appeal.

## ANALYSIS

The posture of this case is summed up by Partain on the first page of his appellate brief, where he states, "Basically, Texas stole Partain's property and Partain took it back." Partain believes the State has taken his property, so he sued the State in Hidalgo County to receive compensation. Then, when he lost on his claims in court, he resorted to collection efforts on a compensation claim that has never been established in court and for which he has no judgment or security

agreement on which to collect.[1]

Every issue Partain brings before this Court is colored by his belief that the Texas Constitution is self-executing and, as a result, if the State takes property from a citizen, that citizen has the right to immediately collect compensation for that taking, even without a court order finding that a taking has occurred and establishing the amount of money the State must pay as adequate compensation for that taking. Under Partain's view of the law and the constitution, because he believes his property was taken without compensation, he has the right to seek collection of the amount he believes he is entitled to. With that understanding of Partain's claims, we turn to the issues he raises on appeal.

Partain does not challenge the legal or factual sufficiency of the evidence in support of the trial court's judgment. Instead, he raises three issues that can be fairly characterized as either jurisdictional or constitutional in nature.[2] First, Partain

---

[1] Pending before this Court is "Appellant's Suggestion of Mootness and Formal Motion to Vacate and Dismiss for Want of Jurisdiction." In his motion, Partain contends that this case is moot because he has now been adequately compensated for his claims against the State and thus will no longer pursue his collection efforts. The issue before the trial court, however, was whether Partain had filed a fraudulent financing statement and whether he should be restrained from doing so in the future. Whether Partain has now been adequately compensated does not bear on the issue of whether his past action was wrongful nor guarantee that he will not repeat the action in the future. *See Texas Dep't of Fam. & Protective Servs. v. Grassroots Leaderships, Inc.*, 717 S.W.3d 854, 878 (Tex. 2025) ("Voluntary cessation typically is not a basis for mootness because it often represents not a defendant's surrender but its attempt to avoid a binding loss."). We disagree that the State's claims are moot, and Partain's pending motion is therefore denied.

[2] We have determined that Partain has raised these appellate issues by liberally, but reasonably, construing his appellate brief. *See Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) ("[Appellate] briefs are to be liberally, but reasonably, construed so that the right to appeal is not lost by waiver."); Tex. R. App. P. 38.9. At the same time, however, we are mindful that although Partain is pro se, he is held to the same standards and rules as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Thus, with respect to any other cognizable issues raised below that have not been specifically identified and supported by clear and understandable argument on appeal, we conclude that Partain has waived those issues due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983) ("Points of error must be supported by arguments and authorities, and if not so supported, the points are waived.").

contends the State lacks authority or standing to pursue its claim against him. Second, he argues the trial court lacked jurisdiction over the State's claims. Third, Partain contends the trial court deprived him of his due process rights by not allowing him to proceed before a jury on the State's request for a permanent injunction. Because the second issue potentially impacts this Court's jurisdiction, we address it first.

Partain challenges the trial court's jurisdiction to hear the State's claims because, in his view, any order issued by a Texas court would violate his rights under the Texas Constitution, specifically the right to just and adequate compensation for the State's alleged taking of his property. *See* Tex. Const. art. I, § 17. Partain's argument, however, is based on a characterization of the State's suit that is incorrect. The State did not file suit asking the trial court to find that no taking ever occurred; rather, the State's suit alleged that Partain knowingly filed a false financing statement.

Texas district courts have broad jurisdiction. The Texas Constitution provides district courts with "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." *Id*. art. V, § 8. Texas districts courts are courts of general jurisdiction. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). That is, they are presumed to have subject-matter jurisdiction over any dispute, including those that require resolution of an evidentiary issue, unless a specific statute or a provision of the constitution says otherwise. *In re CenterPoint Energy*, 629 S.W.3d 149,154 (Tex. 2021). In other words, district courts have jurisdiction over all issues not expressly excluded from their jurisdiction. *See id.*; *Exxon Mobil Global Servs. v. State Office of Admin. Hearings*, ___ S.W.3d ___, 2025 WL 3492057, at *3 (Tex. App.—15th Dist. Dec. 5, 2025, no pet. h.).

Partain has not pointed to any part of the Texas Constitution that prohibits a district court from deciding whether a person has filed a groundless financing statement. If a district court holds that a person has filed groundless financing statement, as in this case, then the net effect is that the financing statement is invalidated and the person who filed the fraudulent instrument is prohibited from filing further fraudulent instruments. Partain argues that any law contrary to the constitution cannot be enforced and therefore any order by the district court in this case is void. But Partain incorrectly assumes that the district court was asked to rule that Partain suffered no taking. The State made no such claim. Rather, the State's sole claim was that Partain filed a fraudulent instrument. A court order concluding the State is correct in that claim in no way encroaches on any provision of the Constitution. The district court had jurisdiction over the State's claims. We overrule Partain's second issue on appeal.

In his first issue, Partain similarly asserts that the State has no authority or standing to pursue its claims because it seeks to invalidate his constitutional right to compensation for a taking.[3] The State, Partain reasons, has no authority to pursue a claim that would violate his right to compensation for a taking under the constitution. That is true as far as it goes, but again Partain misconstrues the State's claim. He believes the gravamen of the State's claim seeks a finding that he suffered no taking. The State, however, has not asked for a declaration or any other finding that no taking of Partain's property occurred. Rather, the State's suit is purely a statutory

---

[3] Partain also contends the State's suit violates the Supremacy Clause of the United States Constitution. Partain, however, did not present this claim in the trial court, and it is therefore waived. *See* Tex. R. App. P. 33.1(a) (stating that to present complaint for appellate review, record must show that "the complaint was made to the trial court by a timely request, objection, or motion"); *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex 2003) (holding that due process argument was not preserved for appellate review); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) ("As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal.").

one, claiming that Partain intentionally or knowingly filed an invalid financing statement under Section 9.5185 of the Texas Business and Commerce Code. That statute gives the party who owns the property subject to the fraudulent financing statement the authority to file suit for relief from the financing statement, including but not limited to release of the financing statement. Tex. Bus. & Com. Code § 9.5185(d). It is undisputed that, prior to Partain's filing his financing statement and deeds, the State was the owner of the properties subject to the financing statement. As such, the State had not only the authority but also standing to sue Partain and seek release of the financing statement. We overrule Partain's first issue on appeal.

Lastly, in his third issue, Partain complains that his due process rights were violated because the trial court did not allow him to proceed before a jury on the State's request for a permanent injunction. When a party complains on appeal that his jury demand has been denied, the question is whether the trial court abused its discretion in denying a jury. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2 664, 666 (Tex. 1996). If a court concludes a trial court abused its discretion in this regard, then the appellate court must examine whether such error was harmless error. *Id.* at 667. A trial court's refusal to grant a jury trial is harmless error "if the record shows that no material issues of fact exist and an instructed verdict would have been justified." *Halsell v. Deheyos*, 810 S.W.2d 371, 372 (Tex. 1991); *see also Nelson v. Nelson*, No. 01-13-00816-CV, 2015 WL 1122918, at *4 (Tex. App.—Houston [1st Dist.] March 12, 2015, pet. denied) (mem. op.) (concluding that evidence presented was conclusive and therefore lack of jury was harmless error).

On the record before us, we cannot conclude that the trial court abused its discretion in proceeding on the State's request for a permanent injunction without a jury. The first time Partain requested a jury was at the hearing on the State's application for temporary injunction, which was combined with the hearing on

7

Partain's plea to the jurisdiction and motion to dismiss. Early in the hearing, the district judge asked Partain and the State if they would be willing to treat the temporary injunction hearing as a final hearing for permanent injunction. Although he had neither filed a jury demand nor paid a jury fee, *see* Tex. R. Civ. P. 216, Partain initially responded that he wished to proceed before a jury on the State's request for a permanent injunction. *See General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (noting that court should allow right to jury trial if it can be done without interfering with court's docket, even if fee has not been paid). Toward the close of the hearing, however, the district judge raised the issue again and asked the parties if they would be willing to have him decide the State's permanent injunction request based on the evidence before him. Partain acquiesced, and both parties agreed to have the trial court use the hearing to decide whether a permanent injunction was appropriate. Because a party may withdraw a jury trial request at any time so long as the opposing party does not object, Tex. R. Civ. P. 220, the trial court was within its discretion to rely on statements made by Partain to that effect.

But even if, for the sake of argument, the trial court abused its discretion, any such error was harmless.[4] *See Mercedes-Benz Credit Corp.*, 925 S.W.2 at 666; *see also* Tex. R. App. P. 44.1(a) (harmless-error standard for reversal). After the trial court granted a permanent injunction against him, Partain filed a motion for new trial, contending that proceeding to permanent injunction without providing him a jury violated his due process rights. In its order denying Partain's motion for new trial, the district court concluded that it was "pointless" to grant the motion for new trial so that Partain could proceed before a jury and that there were "no fact issues for the Court to submit to a jury." In effect, the trial court concluded that any error in failing to conduct a jury trial on the State's request for a permanent injunction was

---

[4] Partain makes no argument in his briefing about why the trial court's actions, if erroneous, were harmful.

harmless. Based on our review of the record, we agree.

At the hearing, Partain failed to controvert the State's evidence that Partain intentionally filed a groundless financing statement in violation of Section 9.5185 of the Texas Business and Commerce Code. Partain did not provide evidence showing the existence of a security agreement in his favor in which the State pledged its property as collateral, nor did he provide evidence that any court of law had awarded him a judgment against the State for taking his property. The financing statement was groundless as a matter of law. Under these circumstances, any error in denying Partain's right to proceed before a jury was harmless. We overrule Partain's third appellate issue.

## CONCLUSION

Having overruled Partain's issues on appeal, we affirm the trial court's judgment.

/s/ Scott K. Field
Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.