**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed April 15, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00690-CV

---

### IN RE JETALL COMPANIES, INC., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-77552**

---

## MEMORANDUM OPINION

On October 8, 2020, relator Jetall Companies, Inc. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Jetall asks this court to compel the Honorable Mike Engelhart, presiding judge of the 151st District Court of Harris County, to vacate his August

31, 2020 order granting the motion to strike Jetall's jury demand. We conditionally grant the petition.

## BACKGROUND

Gene and Astrid Van Dyke (the "Van Dykes") entered into an option contract to sell their house to Jetall. The terms of the contract did not give Jetall an exclusive option to purchase the property. Jetall and the Van Dykes entered into a series of amendments, which either extended the termination option, the closing date, or both. After the parties entered into a fifth and final amendment to the contract extending the closing date, Jetall did not appear for the closing, tender the purchase price, or execute any of the closing documents. On August 17, 2018, unbeknownst to the Van Dykes, Jetall filed a lis pendens on the property. The Van Dykes' real estate broker sent a notice of the Van Dykes' termination of the contract and request for the release of the earnest money contract to Jetall and the escrow agent at the title company.

On October 25, 2018, alleging that the Van Dykes had refused to perform under the contract, Jetall sued the Van Dykes for breach of contract, fraud, fraudulent inducement, fraud in a real estate transaction, and attorney's fees. The Van Dykes filed an answer, alleging that they owned the property in fee simple title and that Jetall had fraudulently filed a lis pendens for the sole purpose of creating a cloud on the title to their property and asking the trial court to expunge the lis pendens. The Van Dykes further sought damages, including attorney's fees.

On December 14, 2018, the Van Dykes filed a motion to expunge the August 17, 2018 lis pendens and specifically requested attorney's fees and court costs for

2

having to prosecute the motion. Jetall released the August 17, 2018 lis pendens on January 28, 2019, which was the date the hearing was scheduled on the motion to expunge.

On July 12, 2019, the trial court granted the Van Dykes' December 17, 2018 motion for summary judgment, which disposed of all of Jetall's claims and ordered that Jetall take nothing on its claims against the Van Dykes. The trial court further reserved for disposition the Van Dykes' claims for reasonable attorney's fees against Jetall and their claim for the earnest money under the contract at issue between the parties.

The Van Dykes, on September 30, 2019, filed a motion for summary judgment as to their affirmative claims for the earnest money held in trial court's registry and their attorney's fees from Jetall's breach of the contract. On October 25, 2019, the trial court granted the Van Dykes' motion for summary judgment on its affirmative claims. This ruling along with the July 12, 2019 summary judgment in favor of the Van Dykes against Jetall's affirmative claims constituted a final judgment.

On November 7, 2019, the Van Dykes filed a motion to modify the final judgment because the trial court awarded $60,000 from the registry of court, rather than $58,000 that had actually been deposited in the registry. The trial court granted the Van Dykes' motion and signed a modified final judgment on November 19, 2019.

Jetall, on December 19, 2019, filed a motion for new trial on all claims. The trial court held a hearing on the motion for new trial on January 27, 2020, and orally granted Jetall's motion for new trial on attorney's fees on the ground that the Van

3

Dykes' motion for summary judgment relied on untimely and inadequately disclosed expert testimony. On January 29, 2020, the trial court signed the order granting, in part, Jetall's motion for new trial:

> IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Plaintiff Jetall Companies, Inc.'s Motion for New Trial is **DENIED** in part and **GRANTED** in part. The Court's Judgment signed November 19, 2019 is VACATED as to the Defendants' award of attorney's fees and the new trial is only ordered as to Defendants' claim for attorney's fees.

The Van Dykes moved for reconsideration on Jetall's motion for new trial or, in the alternative, for leave to supplement discovery responses as to their expert designation. The trial court, on February 17, 2020, signed the order denying the Van Dykes' motion for reconsideration. The trial court also stated the following in the order:

> It is further ORDERED that the final disposition (trial, summary judgment, etc.) of the remaining portion of this case must be held promptly. *The parties should contact the Court's clerk to set the matter for hearing at the earliest possible moment as permitted by the TRCP*.[1]

On July 17, 2020, the Van Dykes filed a motion for summary judgment as to their attorney's fees, and the motion was set for submission for August 17, 2020. On August 10, 2020, a week before submission, Jetall filed its jury demand requesting a trial by jury on "all issues triable to a jury." The Van Dykes responded with a motion to strike Jetall's jury demand, arguing that the demand was not timely and a

---

[1] Emphasis added.

jury would not be available due to COVID-19, which would injure the Van Dykes and disrupt the trial court's docket.

The trial court, on August 18, 2020, signed the order denying the Van Dykes' motion for summary judgment as to their attorney's fees and stated that "[t]he only issue that remains to be tried is the AMOUNT of attorney's fees to be awarded to Defendants."

On August 31, 2020, the trial court signed the order granting the Van Dykes' motion to strike Jetall's jury demand and, on September 14, 2020, signed the order setting the case for a nonjury trial on November 3, 2020.

## STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than

5

simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

## ANALYSIS

### I. Abuse of Discretion

In the petition, Jetall contends that the trial court abused its discretion by striking its timely filed jury demand. The right to a jury trial is guaranteed by the Texas Constitution. *In re J.N.F*, 116 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing Tex. Const. art. I, § 15). In civil cases, the right to a jury trial is not automatic, but, rather, arises only when a party has demanded a jury trial and paid the applicable jury fee. *Id.* at 431. Under Texas Rule of Civil Procedure 216, a party is entitled to a jury trial if a written request is made within a reasonable time before the first trial setting on the nonjury docket, but in no event less than 30 days before such setting. Tex. R. Civ. P. 216(a). The conditions set forth in Rule 216 are prerequisites to a jury trial, not guarantees of one. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 130 (Tex. 2004) (orig. proceeding). The trial court is

6

required to give the parties at least 45 days' notice of the first trial setting. Tex. R. Civ. P. 245.

A request in advance of the 30-day deadline is presumed to have been made a reasonable time before trial. *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam). The adverse party may rebut that presumption by showing that (1) the granting of a jury trial would operate to injure the adverse party, (2) disrupt the court's docket, or (3) impede the ordinary handling of the court's business. *Id.* at 371.

Jetall argues that it properly requested a jury trial at least 30 days before the case was set for trial and paid the jury fee. *See* Tex. R. Civ. P. 245 (requiring trial court to give parties at least 45 days' notice of first trial setting).[2] The Van Dykes argue that they need not rebut the presumption that Jetall is entitled to a jury trial. *See In re A.L.M.-F.*, 593 S.W.3d 271, 283 (Tex. 2019). The Van Dykes' reliance on *A.L.M.-F.* is misplaced. In *A.L.M.-F.*, the issue before the court was whether a party who waived the right to a jury before the associate judge is entitled to demand a jury trial in a de novo hearing before the referring court under Section 201.015 of the Texas Family Code. *Id.* at 274. Section 201.015 provides for a de novo hearing before court that referred a matter to an associate judge. Tex. Fam. Code Ann.

---

[2] The Van Dykes contend that Jetall did not address in its petition all grounds they raised in support of their motion to strike Jetall's jury demand. Specifically, the Van Dykes assert that Jetall did not address injury, disruption, or impediment and, because the trial court did not specify on which ground or grounds it granted the motion to strike, Jetall has waived any response to these grounds by not addressing them in its petition. A review of the record and Jetall's petition reflects that Jetall addressed the arguments the Van Dykes raised in their motion to strike Jetall's jury **demand.**

7

§ 201.015. The Texas Supreme Court held that section 201.015 permits but does not require the referring court to grant a jury-trial demand made for the first time at the de novo hearing stage. *Id.* at 274. When a jury trial is available as a matter of right, a timely request is presumptively reasonable and ordinarily must be granted absent evidence that granting the request would "(1) injure the adverse party, (2) disrupt the court's docket, or (3) impede the ordinary handling of the court's business." *Id.* at 283 (quoting *Halsell*, 810 S.W.2d at 371). But because section 201.015 does not afford a right to a jury trial in a de novo hearing, no presumption arises. *Id.* at 283. Section 201.015 has no relevance to this case and, therefore, *A.L.M.-F.* is not applicable here. The Van Dykes must rebut the presumption that Jetall's jury demand was timely.

The Van Dykes further respond that, in any event, they rebutted the presumption that Jetall's jury demand was timely. The Van Dykes point out that Jetall, despite filing its lawsuit on October 25, 2018, did not make its jury demand until August 10, 2020. Moreover, although the trial court, on February 17, 2020, signed the order denying the Van Dykes' motion for reconsideration and further ordered that "the final disposition (trial, summary judgment, etc.) of the remaining portion of this case must be held promptly [and] [t]he parties should contact the Court's clerk to set the matter for hearing at the earliest possible moment as permitted by the TRCP," Jetall waited almost six months to make its jury demand. The Van Dykes assert that it had suffered ongoing injury by Jetall's actions, which were designed to cloud the title to their property, i.e., recording successive lis pendens, and to increase the likelihood that their lender would foreclose on the property.

8

The Van Dykes also complain that they incurred expenses in filing trial preparation documents on October 27, 2021, consistent with the September 14, 2020 order assigning the case to trial on November 3, 2020. The Van Dykes argue that this supports an implied finding that the Van Dykes would suffer injury due to Jetall's last-minute jury demand. However, the filing occurred about six weeks after the September 14, 2020 order and about 11 weeks after the August 10, 2020 jury demand. The relevant period is the date of the jury demand. In any event, the filing also occurred after Jetall had filed its mandamus petition in this court and after we had requested a response to the petition and had issued the October 15, 2020 stay order.

The Van Dykes also assert that, requesting a jury in light of COVID-19 delays, would cause further disruptions of the trial court's docket. The Van Dykes assert that the trial court's February 17, 2020 order that the parties should contact the court's clerk "to set the matter for hearing at the earliest possible moment as permitted by the TRCP," is evidence that Jetall's last-minute jury demand would cause further disruption of the trial court's docket and that the trial court had already contemplated the effect of its ruling to grant the new trial would have on its docket. According to the Van Dykes, although the Texas Supreme Court had permitted jury trials to proceed in Harris County district courts, adding another jury trial to the already-backlogged jury-trial docket would disrupt the court's docket or impede the ordinary handling of the court's business.

Jetall points out that the case was not designated as trial ready until September 14, 2020, and, therefore, even if a jury trial demand had been made in February 2020,

9

there is no evidence that the trial court would have set the matter for any trial before September 2020. Thus, there could not have been any disruption to the trial court's docket because the case was never set on the trial docket or designated trial ready. Jetall further argues, and we agree, that any jury trial requested after the trial court had granted the new trial on January 29, 2020, would have been postponed by the Texas Supreme Court's emergency orders and any alleged prejudice suffered by the Van Dykes in having to wait for a jury trial arises from the pandemic, not the timing of Jetall's jury demand. Therefore, according to Jetall, there is no evidence that the timing of the jury demand caused any disruption to the trial court's docket or that the Van Dykes suffered prejudice as a result. The Van Dykes have not rebutted the presumption that Jetall's jury demand was timely, and the trial court abused its discretion by striking Jetall's jury demand.

## II.     No Adequate Remedy by Appeal

Having determined that the trial court abused its discretion by striking Jetall's timely jury demand, we must consider whether Jetall has an adequate remedy by appeal. Whether Jetall has an adequate remedy by appeal is determined by balancing the benefits of mandamus review against the detriments. *See Team Rocket, L.P.*, 256 S.W.3d at 262.

We consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *See Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. "The Constitution is not suspended when the government declares a state of disaster." *In re Abbott*, 601 S.W.3d 802, 805 (Tex. 2020) (orig. proceeding) (per curiam). The Texas Supreme Court's Twenty-Second Emergency Order

10

Regarding the COVID-19 State of Disaster, which was in effect on the date the trial court struck Jetall's jury demand, provided that modification or suspension of "any and all deadlines and procedures, whether prescribed by statute, rule or order" was "[s]ubject only to constitutional limitations." *Twenty-Second Emergency Order Regarding the COVID-19 State of Disaster*, 609 S.W.3d 129 (Tex. 2020). The Texas Supreme Court's emergency orders may not be used to deny constitutional rights. *See In re V.K.*, 607 S.W.3d 471, 480 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (holding that, to extent trial court relied on emergency COVID-19 orders to deny constitutional right, such reliance was abuse of discretion). Therefore, the pandemic and the resulting delay in jury trials may not be used as a reason to deny Jetall's its constitutional right to have the underlying case heard by a jury.

We also consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *See Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified. *Halsell*, at 372; *see also Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 667 (Tex. 1996) ("The wrongful denial of a jury trial is harmful when the case contains material fact questions."). The trial court denied the Van Dykes motion for summary judgment as to their claims for attorney's fees and, therefore, has already determined that there is an issue of material fact. The parties will be faced with trying the case to a jury after an appeal on this issue. Addressing the trial court's abuse of discretion for striking Jetall's jury demand will spare the parties and the public "the time and

money utterly wasted" on an improperly conducted bench trial. *See Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. We conclude that Jetall does not have an adequate remedy by appeal.

## CONCLUSION

Because the trial court abused its discretion by striking Jetall's timely jury demand and Jetall does not have an adequate remedy by appeal, we conditionally grant Jetall's petition for writ of mandamus and direct the trial court to vacate its August 31, 2020 order granting the Van Dykes' motion to strike Jetall's jury demand. The writ will issue only if the trial court fails to act in accordance with this opinion. We lift the October 15, 2020 stay order.

/s/     Tracy Christopher
        Chief Justice


Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.

12